

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL A. LOISEAU,

     Plaintiff,

v.                              Civil Action No. **3:10CV870**

HOUSTON NORRIS,

     Defendant.

### MEMORANDUM OPINION

Michael A. Loiseau, a Virginia inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, brings this action.  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I.  PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

#### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); <u>see</u> 28 U.S.C. § 1915A.  The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" <u>Clay v. Yates</u>, 809 F. Supp. 417, 427 (E.D. Va. 1992) (<u>quoting</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (<u>citing</u> 5A Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

## Summary of Allegations and Claims
Plaintiff's entire complaint reads as follows:

On 10/19/09 I was called to the police cluster, for legal mail. Once I collected my mail, from the clerk, Lt Houston Norris called me to the side. He then handed me a motion of admission from Spotsylvania County prosecutor Thomas Shia. The motion was for a forfieture case I had pending. When I began to flip through the pages, I realized that my mail was not in a envelop, and attached to the motion was a copy of my business records. I had asked my fiancé to send me a copy of my records, so they could be proof of income. Obviously Lt. Norris intercepted my mail, made copies and sent me the original as if it had not been touched. Then sent the prosecutor a copy. I was not informed that my mail was being monitored. I have filed request about the matter three times, only to recieve no answer. I took it upon myself to still file a grievance informing Mrs. Wallace that I haven't recieved a answer to the request that I filed. Her answer was to file properly, which I did.

(Compl. 5 (capitalization corrected) (all errors in original).) Plaintiff names Houston Norris as the sole defendant and requests an award of $40,000.

## Analysis
Plaintiff suggests that mail sent to him from his fiancée was opened outside of his presence by a prison official, copied, and then mailed to the prosecutor. Plaintiff's allegation, however, is based entirely on speculation. Plaintiff does not allege any facts which might plausibly suggest that Defendant engaged in the activity which Plaintiff suggests occurred.

Moreover, to the extent Plaintiff is alleging a denial of access to the courts, Plaintiff has not identified an actual injury resulting from the alleged official conduct. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Strickler v. Waters, 989 F.2d 1375, 1383-84 (4th Cir. 1993). Plaintiff has not identified, with specificity, a non-frivolous legal claim that Defendant's actions prevented him from litigating. Christopher v. Harbury, 536 U.S. 403, 415-16 (2002). Nor

3

has Plaintiff alleged any other violation which may arise under the First Amendment by a prison official inspecting his mail.  See Bell v. Garner, No. 93-8790, 1994 WL 198889, at *3 (5th Cir. May 3, 1994) ("An inmate's freedom from censorship under the First Amendment does not prohibit prison officials from inspecting the inmate's incoming mail." (citing Brewer v.Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993))).

To the extent Plaintiff is asserting a Fourth Amendment[1] violation because he "was not informed that [his] mail was being monitored," such a claim also fails. (Compl. 5.)  Prisoners have no reasonable expectation of privacy to non-privileged mail.[2] Sueing v. Brown, Nos. 86-1935, 86-1936, 1987 WL 37275, at *1 (6th Cir. May 5, 1987) (citing Hudson v. Palmer, 468 U.S. 517, 524 (1984)); see also United States v. Baumgarten, 517 F.2d 1020, 1028 (8th Cir. 1975) (finding no Fourth Amendment violation when the Warden read, copied, and disseminated a prisoner's letter to the police).

Accordingly, it is RECOMMENDED that the action be DISMISSED WITHOUT PREJUDICE.

(July 28, 2011 Report and Recommendation.)   The Court advised Loiseau that he could file objections or an amended complaint within fourteen (14) days of the Report and Recommendation.

---

[1]  The Fourth Amendment reads:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

[2]  In order to be classified as legal mail, "the legal sender must be specifically identified and the mail must be marked confidential."  Kershaw v. Padula, No. 6:10-951-MBS-KFM, 2011 WL 1750222, at *5 (D.S.C. Apr. 6, 2011).  Mail not so marked "may be opened outside an inmate's presence." Id. (citing United States v. Stotts, 925 F.2d 83, 88-90 (4th Cir. 1991)).   There is no suggestion that the mail in this case was considered legal mail.

4

Loiseau filed an amended complaint. (Docket No. 20.) Loiseau's amended complaint will SUPPLANT his previous complaint.

## II. AMENDED COMPLAINT

In his Amended Complaint, Loiseau re-states the factual allegations as they appear in his original complaint. Loiseau then complains that the Defendants violated Plaintiff's rights protected by the Fourth, Fifth, Sixth, and Fourteenth Amendments. The Magistrate Judge's analysis applies with equal force to the Amended Complaint.

Loiseau fails to address the original complaint's legal errors that the Magistrate Judge identified in the Report and Recommendation. For example, Loiseau contends that Defendants violated Loiseau's Fourth Amendment rights because he alleges that Defendants searched his mail. As the Magistrate Judge informed Loiseau, however, prisoners have no reasonable expectation of privacy to non-privileged mail. Sueing v. Brown, Nos. 86-1935, 86-1936, 1987 WL 37275, at *1 (6th Cir. May 5, 1987) (citing Hudson v. Palmer, 468 U.S. 517, 524 (1984)); see also United States v. Baumgarten, 517 F.2d 1020, 1028 (8th Cir. 1975) (finding no Fourth Amendment violation when the Warden read, copied, and disseminated a prisoner's letter to the police). Other than Loiseau's conclusory label that the mail was "legal mail" (Am. Compl. 1), Loiseau does not adequately allege that the mail, sent to Loiseau from his fiancée, was actually privileged.

5

Moreover, Loiseau alleges he was denied access to the courts but fails to "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." Christopher v. Harbury, 536 U.S. 403, 417 (2002)(internal footnote omitted).

The remainder of Loiseau's claims are entirely conclusory. For example, Loiseau merely quotes the Fifth, Sixth, and Fourteenth Amendments without factual or legal arguments.

### III.   CONCLUSION

Loiseau's claims will be DISMISSED and the action will be DISMISSED for failure to state a claim upon which relief can be granted.   The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Loiseau.

An appropriate Final Order will issue.

/s/   REP
_____
Robert E. Payne
Senior United States District Judge

Date: September 13, 2011
Richmond, Virginia